IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) CIVIL ACTION NO. |
| Plaintiff, | )<br>) **C O M P L A I N T**<br>)<br>) CV-10-CO-2626-J<br>) **JURY TRIAL DEMAND** |
| WALKER COUNTY BOARD OF EDUCATION | )<br>)<br>) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Maurice Thomas who the Walker County Board of Education failed to hire because of his age, 57, as alleged with greater particularity in paragraphs eight (8) through thirteen (13) below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29

1

U.S.C. § 626(b) (the "ADEA"), which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

3. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat.3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

5. At all relevant times, Defendant, Walker County Board of Education (the "Board of Education"), has continuously been an agency or instrumentality of Walker County, Alabama.

6. At all relevant times, the Board of Education has continuously been an

employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

7. Prior to institution of this lawsuit, the Commission attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

8. Since on or about May, 2008, the Board of Education has engaged in unlawful employment practices at its location in Walker County, Alabama in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. §623(a)(1).

9. More specifically, Maurice Thomas successfully worked for the Board of Education as a physical education teacher since October, 2000, and in coaching positions since in or around August, 2002.

10. On, or about, June 2, 2008, Maurice Thomas applied with the Board of Education for a recently-posted physical education teacher/boys varsity basketball coaching position with the Board of Education's Oakman High School. Maurice Thomas was one (1) of two (2) applicants for the position.

11. Maurice Thomas was qualified for the teaching/coaching position and on, or about, June 21, 2008, the Board of Education selected Maurice Thomas for the

position.

12. In or around July, 2008, approximately one (1) month after the Board of Education selected Maurice Thomas for the position, the Board of Education withdrew the offer from Maurice Thomas and permanently filled the position with a less-qualified 25 year old applicant.

13. The Board of Education withdrew the offer to Maurice Thomas purportedly because the Oakman High Schools trustees wanted a "young, energetic" coach and the Board of Education voluntarily acquiesced to this demand.

14. The effect of the practices complained above has been to deprive Maurice Thomas of equal employment opportunities and otherwise adversely affect his status as an applicant for employment because of his age.

15. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in age-based discrimination, and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Maurice Thomas whose wages have been unlawfully withheld as a result of the acts complained of above.

D. Order Defendant Employer to make whole Maurice Thomas who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices including, but not limited to, rightful place hiring, front pay, reimbursement for the value of lost benefits that would have been generated from his employ with Defendant Employer, and reimbursement for any costs incurred as a result of Defendant Employer's unlawful conduct.

E. Order Defendant Employer to make and preserve records required by the Commission pursuant to Section 7(a) of the ADEA, 29 U.S.C. § 626(a).

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U. S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C.  20507

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

*Julie Bean*

JULIE BEAN
Supervisory Trial Attorney
D.C. Bar # 433292

Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL  35205
(205) 212-2045
(205) 212-2041